UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

KATHLEEN STALLWORTH,

    Plaintiff,

v.

ANDREA BROLLINI, et al.,

    Defendants.

_____/

No. C 11-04841 JSW (LB)

**ORDER REGARDING THE PARTIES' NOVEMBER 5, 2012 JOINT DISCOVERY DISPUTE LETTER**

[Re: ECF No. 28]

## I. INTRODUCTION

In this action, which was removed from state court, Plaintiff Kathleen Stallworth sued defendants Andrea Brollini, Michelle de la Calle, the County of Santa Clara (the "County"), and the Santa Clara Personnel Board (collectively, "Defendants") for retaliation and violation of her federal and state civil rights. *See* Notice of Removal, ECF No. 1 at 1-17. The district court ordered that all discovery disputes in this case be referred to the undersigned for resolution. Order of Referral, ECF No. 16; Notice of Referral, ECF No. 18. Now, the parties disagree about whether Ms. Stallworth must respond to three of Defendants' discovery requests. *See* 11/5/2012 Joint Letter, ECF No. 28. Upon consideration of the parties' arguments and the applicable legal authority, the court rules that, because Ms. Stallworth agrees "not seek special damages" or "introduce expert medical testimony regarding emotional distress at trial," she need not respond to them.

## II. STATEMENT

Ms. Stallworth is a registered nurse. Notice of Removal, ECF No. 1 at 5, ¶ 1. She worked for

the County for over twenty years in the emergency department of the Valley Medical Center (the "VMC"). *Id*. She alleges that in March 2009 she reported to VMC senior management that certain members of the medical staff were using an unsafe and unlawful medical practice. *Id*. at 8, ¶ 14. As a result of her report, she alleges that she was retaliated against for roughly eighteen months and ultimately was transferred to another unit within the VMC and demoted. *See id*. at 8-10, ¶¶ 15-21. She then filed the instant action in Santa Clara County Superior Court, bringing claims against Defendants for invasion of privacy, intentional infliction of emotional distress ("IIED"), retaliation under California Labor Code § 1102, California Government Code §§ 1278.5, 6310(b) and 12940, violation of her civil rights under California Civil Code § 52 and 42 U.S.C. § 1983, and for administrative mandamus. *See id*. at 5-17. Defendants removed the action to federal court on the basis of federal question jurisdiction. *See id*. at 1-2.

After discovery opened, Defendants served interrogatories and requests for production of documents ("RFPs") on Ms. Stallworth. *See* 11/5/2012 Joint Letter, ECF No. 28 at 1-5.[1] Ms. Stallworth objects to responding to three of the requests, namely, Interrogatory No. 12 and RFP Nos. 11 and 12. *See id*. Interrogatory No. 12 asks Ms. Stallworth to "[i]dentify all psychologists, psychiatrists, counselors, therapists, and/or other health care providers that have examined or treated YOU for any injury that YOU contend YOU have suffered as a result of the acts and omissions alleged in YOUR First Amended Complaint." *Id*. at 1. RFP No. 11 asks her to produce "[a]ll DOCUMENTS that pertain to any physical, mental, and/or emotional injury that YOU contend YOU have suffered as a result of the acts and omissions alleged in YOUR First Amended Complaint." *Id*. at 4. And RFP NO. 12 asks her to produce "[a]ll DOCUMENTS that pertain to examination and/or treatment YOU received from any psychiatrists, counselors, therapists, and/or other health care providers for any injury that YOU contend YOU have suffered as a result of the acts and omissions alleged in YOUR First Amended Complaint." *Id*.

On November 5, 2012, the parties filed a joint letter describing the discovery dispute and

---

[1] It appears from the parties joint letter that the County served interrogatories on Ms. Stallworth, and that all Defendants served RFPs on her. For purposes of simplicity, though, the court will refer to the discovery requests at issue here as being served by "Defendants."

providing their arguments in support of their positions. 11/5/2012 Joint Letter, ECF No. 28.

### III. ANALYSIS

This question at the heart of this dispute is whether the existence of Ms. Stallworth's IIED claim means that she has to respond to Defendants' discovery requests. Ms. Stallworth argues that she does not have to because (1) the requests seek information that is not relevant to her claim, (2) the information sought is protected by the psychotherapist privilege, and (3) being forced to provide the information would violate her right of privacy.

As always, the court must first determine whether the information sought is relevant. *See* Fed. R. Civ. P. 26(b) (Subject to the limitations imposed by Rule 26(b)(2)(C), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."). Here, Ms. Stallworth brings an IIED claim in which she alleges that she has suffered emotional distress as a result of Defendants' acts.[2] Defendants' discovery requests seek information about any medical treatment related to that emotional distress. The information sought clearly is relevant to her IIED claim.

Next, the court must determine whether the information sought is protected by the psychotherapist-patient privilege. To do so, the court must as an initial matter determine whether the federal or the state law of privilege applies. As a leading treatise has explained:

> In cases involving both state and federal claims, a literal reading of [Federal Rule of Evidence] 501 appears to require application of the federal common law of privilege with respect to the federal claims and the state law of privileges with respect to the state claims. However, when the evidence in question is relevant to both the state and federal claims, the approach has been rejected on the grounds that it would be meaningless to hold the same communication privileged for one set of claims but not for the other.

6-26 Moore's Fed. Practice–Civil § 26.47[4] (Matthew Bender & Co., Inc. 2012) (footnotes

---

[2] "A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Kelley v. Conco Cos.*, 196 Cal. App. 4th 191, 215 (2011). "A defendant's conduct is outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (internal quotation marks omitted).

omitted). In such cases, the federal law of privilege applies. *See id.*; *see also Fitzgerald v. Cassil*, 216 F.R.D. 632, 635 (N.D. Cal. 2003); *Perrignon v. Bergen Brunswig. Corp.*, 77 F.R.D. 455, 459 (N.D. Cal. 1978). In this case, Ms. Stallworth brings both state and federal claims, and while Defendants want the information in relation to her IIED claim, it also is relevant to her federal claim under § 1983 because in that claim she alleges that Defendants' acts damaged her in part because she suffered "humiliation, embarrassment, and anguish." Notice of Removal, ECF No. 1 at 15. Accordingly, the court applies the federal law of privilege in this action.[3]

Under the federal psychotherapist-patient privilege, "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996) (footnote omitted). "Like other testimonial privileges, the patient of course may waive the protection." *Id.* at 15 n.14.

It is immediately clear that a distinction is to be made between Defendants' interrogatory and their RFPs. Defendants' interrogatory asks Ms. Stallworth to identify any medical providers who examined or treated her; it does not ask her to divulge any "confidential communications" between her and her medical providers. Thus, the psychotherapist-patient privilege does not apply to Defendants' interrogatory. Defendants' RFPs, however, seek the medical records related to those examinations or treatments; these certainly contain the "confidential communications" protected by the privilege. Thus, the psychotherapist-patient privilege applies to Defendants' RFPs. *See Jaffee*, 518 U.S. at 18 (holding that the conversations between a patient and her psychotherapist, and the notes taken during their counseling sessions, are protected by the privilege).

But has she waived the privilege by bringing an IIED claim? This depends upon the standard applied.[4] As one judge of this district has succinctly explained:

---

[3] It appears the parties agree with this reasoning—to the extent they considered it—because they discuss only the federal law of privilege in their 11/5/2012 Joint Letter. *See generally* 11/5/2012 Joint Letter, ECF No. 28.

[4] Regardless of the standard, the burden is on Ms. Stallworth to show that she has not waived the privilege. See *Fitzgerald v. Cassil*, 216 F.R.D. 632, 636 (N.D. Cal. 2003); *cf.*, *United States v.*

C 11-04841 JSW (LB)
ORDER
4

> In the wake of *Jaffee*, courts have struggled to determine the circumstances under which waiver of the psychotherapist-patient privilege occurs. *See Fitzgerald v. Cassil*, 216 F.R.D. 632, 640 (N.D. Cal. 2003) (reviewing case law addressing waiver). Some courts have taken a broad approach to waiver, finding, for example, that mere assertion of a claim for emotional distress damages is enough to justify a finding of waiver. *See id.* (citing *Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127 (E.D. Penn. 1997); *Doe v.. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999)). These cases focus on fairness considerations. *Id.* Other courts have taken a narrow approach, holding that there must be an affirmative reliance on the psychotherapist-patient communication before the privilege is waived. *See id.* (citing *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225 (D. Mass. 1997)). These latter cases are based on the primacy of the privacy interest that is inherent in the privilege. *Id.* Finally, some courts have taken a "limited broad view" in which they have found waiver where a plaintiff has alleged more than "garden variety" emotional distress and has instead alleged emotional distress that is "complex" or has resulted in specific disorders. *Id.* at 637 (citing Weinstein's Federal Evidence § 504 .07[8] & n.22.4).

*Boyd v. City and County of San Francisco*, No. C-04-5459 MMC (JCS), 2006 WL 1390423, at *5 (N.D. Cal. May 18, 2006). While the Ninth Circuit has yet to consider the standard, the courts in this district that have considered the matter in-depth and affirmatively adopted a standard have adopted the narrow approach because it most closely follows the reasoning in *Jaffee*. *See Boyd*, 2006 WL 1390423, at *6; *Fitzgerald*, 216 F.R.D. at 638-39; *but see Valiavacharska v. Celaya*, No. 10–4847 JSC, 2011 WL 4479341, at *3-4 (N.D. Cal. Sep. 26, 2011) (not explicitly adopting a standard but quashing subpoena where plaintiff claimed only "garden variety" emotional distress); *Seals v. Mitchell*, No. CV 04–3764 NJV, 2011 WL 1399245, at *3 (N.D. Cal. Apr. 13, 2011) (not explicitly adopting a standard but applying "limited broad view"); *Schwenk v. County of Alameda*, No. C–07–00849 SBA (EDL), 2011 WL 607101, at *1 (N.D. Cal. Feb. 11, 2011) (not explicitly adopting a standard but denying motion to compel where plaintiff sought only "garden variety" emotional distress damages and made no claim for intentional infliction of emotional distress or negligent infliction of emotional distress); *Batts v. County of Santa Clara*, No. C08-00286 JW (HRL), ECF No. 88 at 4 (N.D. Cal. Aug. 27, 2009) (applying narrow standard where the parties agreed upon it); *Beltran v. County of Santa Clara*, No. C 03-3767 RMW (RS), 2009 WL 248207, at *2-3 (N.D. Cal. Jan. 30, 2009) (not explicitly adopting a standard but denying motion to compel

---

*Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002) (noting that burden is on party asserting attorney-client privilege to establish all elements of privilege, which includes no waiver).

1 where plaintiff sought only "garden variety emotional distress damages and did not affirmatively
2 rely on any therapist-patient communications); *EEOC v. Serramonte*, No. C 05-0962-SBA(JL), 237
3 F.R.D. 220, 224 (N.D. Cal. 2006) (not explicitly adopting a standard but quashing subpoenas where
4 plaintiff brought only a "garden-variety" claim for emotional distress damages and did not intend to
5 rely on medical records or testimony by a medical or psychiatric expert to support her claims). This
6 court agrees with the decisions in Boyd and Fitzgerald, which determined that the "broad" and
7 "limited broad" approaches do not sufficiently protect the psychotherapist-patient privilege or
8 further the reasoning behind the privilege as set forth in *Jaffee*. Thus, and despite the parties'
9 suggestion that the "limited broad" standard is sufficient, the court adopts the "narrow" standard
10 with respect to waiver of the federal psychotherapist-patient privilege.[5]

11 Under the "narrow" standard, Ms. Stallworth must affirmatively rely on psychotherapist-patient
12 communications in support of her claim before the privilege is waived. *See Fitzgerald*, 216 F.R.D.
13 at 637; *Vanderbilt*, 174 F.R.D. at 229. Here, Ms. Stallworth has not done so in her allegations (and
14 Defendants do not point to anything that suggests otherwise), and she states that she "will not seek
15 special damages" or "introduce expert medical testimony regarding emotional distress at trial."
16 11/5/2012 Joint Letter, ECF No. 28 at 4. This is good enough for her to meet her burden to show
17 that she has not waived the privilege. And because she has not waived the privilege, the privilege
18 protects her psychotherapist records from disclosure in this action at this time. Accordingly, she
19 need not respond to RFP Nos. 11 and 12.

20 Finally, because Interrogatory No. 12 is not subject to the psychotherapist-patient privilege, the
21 court must address Ms. Stallworth's privacy argument. The United States Supreme Court has
22 recognized a constitutional right to privacy, more specifically, a constitutional right to nondisclosure
23 of one's personal information. *See Whalen v. Roe*, 429 U.S. 589, 599 (1977); *Nixon v. Administrator*
24 *of Gen. Serv.*, 433 U.S. 425, 457 (1977). This right, however, is not absolute and, unlike the

---

[5] In their joint letter, Defendants argue for the application of the "limited broad" standard and Ms. Stallworth states that the "better-reasoned" opinions "have followed a middle ground approach" and not found that the assertion of "garden variety" emotional distress damages do not waive the privilege. *See* 11/5/2012 Joint Letter, ECF No. 2. Nevertheless, this court finds that the "best-reasoned" opinions adopted the "narrow" approach. As such, it will adopt it here.

psychotherapist-patient privilege, *Jaffee*, 518 U.S. at 17-18, is subject to a balancing test. *See Crawford v. United States Trustee*, 194 F.3d 954, 959 (9th Cir.1999); *Bull v. City and County of San Francisco*, No. C-03-1840 CRB(EMC), 2003 WL 23857823, at *2-3 (N.D. Cal. Oct. 27, 2003). Relevant factors to be considered in this balancing test include the type of record requested, the information it does or might contain, the potential for harm in any subsequent non-consensual disclosure, the injury from disclosure to the relationship in which the record was generated, the adequacy of safeguards to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access. *Doe v. Attorney General*, 941 F.2d at 796 (quoting United States v. Westinghouse, 638 F.2d 570, 578 (3d Cir. 1980)).

In the parties' joint letter, Defendants argue that "discovering the truth in legal proceedings is a compelling state interest" and that Ms. Stallworth "place[d] her mental condition squarely at issue by claiming severe emotional distress caused by Defendants. 11/5/2012 Joint Letter, ECF No. 28 at 2. However, given Ms. Stallworth's statement that she "will not seek special damages" or "introduce expert medical testimony regarding emotional distress at trial," as well as the court's ruling that her psychotherapist records are protected from disclosure, the court does not agree. At the hearing, Defendants also argued that they need to know, at least, the identities of any medical providers and the dates Ms. Stallworth might have seen them, to argue that Ms. Stallworth might have had other stressors, but Defendants can ask Ms. Stallworth at trial about whether she sought or received medical attention without knowing the providers' names. Accordingly, Ms. Stallworth need not respond to Interrogatory No. 12.

## IV. CONCLUSION

Based on the foregoing, the court rules that Ms. Stallworth need not respond to Interrogatory No. 12 or RFP Nos. 11 and 12.

**IT IS SO ORDERED.**

Dated: December 21, 2012

_____
LAUREL BEELER
United States Magistrate Judge

C 11-04841 JSW (LB)
ORDER

7