# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| KATHLEEN STALLWORTH,<br><br>        Plaintiff,<br>    v.<br><br>ANDREA BROLLINI, et al.,<br><br>        Defendants.<br>_____/ | No. C 11-04841 JSW (LB)<br><br>**ORDER REGARDING THE PARTIES' MAY 3, 2013 JOINT DISCOVERY LETTER BRIEF**<br><br>[Re: ECF No. 47] |

## INTRODUCTION

In this action, which was removed from state court, Plaintiff Kathleen Stallworth sued defendants Andrea Brollini, Michelle de la Calle, the County of Santa Clara (the "County"), and the Santa Clara Personnel Board (collectively, "Defendants") for retaliation and violation of her federal and state civil rights. *See* Notice of Removal, ECF No. 1 at 1-17. The district court ordered that all discovery disputes in this case be referred to the undersigned for resolution. Order of Referral, ECF No. 16; Notice of Referral, ECF No. 18. Now, the parties disagree about the adequacy of the County's response to two of Plaintiff's document requests: RFP Nos. 182 and 183. *See* 5/3/13 Joint Letter Brief, ECF No. 47 at 1. Those requests seek patient records. *Id.* The court held a hearing on May 16, 2013 and orders disclosure pursuant to the parties' protective order.

## STATEMENT

Ms. Stallworth is a registered nurse. Notice of Removal, ECF No. 1 at 5, ¶ 1. She worked for the County for over twenty years in the emergency department of the Valley Medical Center

("VMC"). *Id*. She alleges that in March 2009 she reported to VMC senior management that certain members of the medical staff were using an unsafe and unlawful medical practice. *Id*. at 8, ¶ 14. As a result of her report, she alleges that she was retaliated against for roughly eighteen months and ultimately was transferred to another unit within the VMC and demoted. *See id*. at 8-10, ¶¶ 15-21. She sued the Defendants in Santa Clara County Superior Court, bringing claims for invasion of privacy, intentional infliction of emotional distress, retaliation under California Labor Code § 1102, California Government Code §§ 1278.5, 6310(b) and 12940, violation of her civil rights under California Civil Code § 52 and 42 U.S.C. § 1983, and administrative mandamus. *See id*. at 5-17. Defendants removed the action to federal court on the basis of federal question jurisdiction. *See id*. at 1-2.

On May 3, 2013, the parties filed a joint letter describing their discovery dispute about whether the County should produce a particular patient's medical records. 5/3/2013 Joint Letter, ECF No. 47. One of Defendant's purported reasons for terminating Plaintiff is that patients complained about her. One of incidents involved Patient TC, who says that Plaintiff gave her a drug that she told Plaintiff she was allergic to. When initially considering the complaint, Defendant Brollini apparently reviewed medical records for TC's visits to the hospital in November 2009, and after doing so, believed TC's complaint was valid. Now, Plaintiff wants to get TC's other medical records from January 1, 2009 to November 27, 2009 (which apparently involve three other visits) and the administrative records related to Defendant's review of her complaint. *Id.* at 1-2 and 4,

**ANALYSIS**

As always, the court must first determine whether the information sought is relevant. *See* Fed. R. Civ. P. 26(b) (subject to the limitations imposed by Rule 26(b)(2)(C), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .").

Plaintiff argues that the records are discoverable, relate to her claims for retaliation and Defendant's defense to them, are not overbroad, and do not invade TC's privacy rights because Plaintiff need for the information outweighs TC's privacy rights and in any case there is a protective order in place. *Id.* at 1-2. The theory is that the additional records are relevant to show that TC was a drug seeker, the records will show this, Defendant Brollini reviewed the file and believed TC's

complaints, that belief could not have been well-founded, and that is relevant to Plaintiff's claims of retaliation by Ms. Brollini. *Id.*

Defendant responds that it already produced the medical record for the November 2009 visit and the nursing notes for all four visits. *Id.* at 3-4. The notes were produced because Defendant Brollini reviewed those records in investigating Plaintiff's assertions about whether Patient TC reported the allergy. *Id.* There is no evidence that Defendant Brollini reviewed other portions of TC's medical records not already produced, Plaintiff never asked about the scope of review during the deposition, and so Defendant has produced the records that are at issue in the litigation. *Id.* at 4. Defendant argues that absent information that Defendant Brollini reviewed records, the records are not at issue in the litigation, and production of them would violate TC's privacy interests under California Constitution, Article 1, section 1, California's Confidentiality of Medical Information Act, Civil Code §§ 56-56.7, and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996) (codified at various sections of Titles 18, 29, and 42 of the United States Code). Joint Letter Brief, ECF No. 47 at 4. Defendant also is concerned that Plaintiff developed her "TC was a drug-seeker" theory improperly when she by happenstance treated her in January 2013. *Id.* at 4-5.

The relevant rules allow production pursuant to a protective order. *See, e.g.,* 45 C.F.R. § 164.512(e)(1)(i), (ii) (under HIPAA, "covered entities" such as care providers may disclose protected medical records without patient consent: (1) in response to a court order, provided only the information specified in the court order is disclosed; or (2) in response to a subpoena or discovery request if the health care provider receives adequate assurance that the individual whose records are requested has been given sufficient notice of the request, or if reasonable efforts have been made to secure a protective order). The parties already have produced relevant patient records under that order. The issue is whether Plaintiff ought to get these additional records.

At the hearing, the court talked more with the parties about the relevance of the discovery. As to Defendant's argument that Plaintiff never asked about the scope of the review at Ms. Brollini's deposition, Plaintiff's counsel disputed that and said he asked about it on the day that someone else defended the deposition. Plaintiff's counsel also disputed the concern that Ms. Stallworth developed

C 11-04841 JSW (LB)
ORDER
3

the theory only in January 2013 and asserted that he developed the theory based on his investigation.

In the end, the relevance is pretty attenuated, but it has some possible bearing (maybe) on the scope of Ms. Brollini's review and whether her decisions based on her review of all the patient complaints are suspect. That in turn is relevant to retaliation. There is no burden argument, and the records pertain only to 2009 and apparently involve only three visits. The privacy issue is a fair one, but TC's November 2009 visit and nursing notes for the full year already have been produced. Based on all of this, with the close call and no burden, the court orders disclosure pursuant to the protective order.

## CONCLUSION

Plaintiff's request is granted, and the court orders disclosure pursuant to the protective order. This disposes of ECF No. 47.

**IT IS SO ORDERED.**

Dated: May 17, 2013

_____
LAUREL BEELER
United States Magistrate Judge